UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROCKY JOE HOUSTON,                    )
                                      )
            Plaintiff,                )
                                      )        Case No. 3:06-CV-318
v.                                    )
                                      )        Chief Judge Curtis L. Collier
JOHN E. POTTER, U.S. POSTAL SERVICE,  )
DAVID HAGGARD, and FAY HALL,          )
                                      )
            Defendants.               )
                                      )
                                      )
ROCKY JOE HOUSTON,                    )
                                      )
            Plaintiff,                )
                                      )        Case No. 3:06-CV-387
v.                                    )
                                      )        Chief Judge Curtis L. Collier
JEFF WICKS, JAMES BUDDY SCOTT, J.     )
SCOTT McCLUEN, BRAD NEALON,           )
ANGELA RANDOLPH, CHARLES C. SNOW,)
RANDY G. ROGERS, JAMES F. LOGAN, JR.,)
STATE of TENNESSEE, and               )
ROANE COUNTY,                         )
                                      )
            Defendants.               )
                                      )
                                      )
ROCKY JOE HOUSTON,                    )
                                      )
            Plaintiff,                )
                                      )        Case No. 3:07-CV-008
v.                                    )
                                      )        Chief Judge Curtis L. Collier
GEORGE W. BUSH, THOMAS W. PHILLIPS,)
LEONARD GREEN, the FEDERAL            )
GOVERNMENT, and the STATE of OHIO,    )
                                      )
            Defendants.               )
                                      )
                                      )
ROCKY JOE HOUSTON,                    )

|                                                      |     |                                    |
| ---------------------------------------------------- | --- | ---------------------------------- |
|                                            Plaintiff, | )   |                                    |
|                                                      | )   |                                    |
|                                                      | )   | Case No. 3:07-CV-187               |
| v.                                                   | )   |                                    |
|                                                      | )   | Chief Judge Curtis L. Collier      |
| ROANE COUNTY, DAVID H. BEAMS in his                  | )   |                                    |
| official capacity as OAK RIDGE POLICE                | )   |                                    |
| CHIEF, GEORGE W. BUSH, and                           | )   |                                    |
| UNITED STATES OF AMERICA,                            | )   |                                    |
|                                                      | )   |                                    |
|                                           Defendants. | )   |                                    |

**M E M O R A N D U M**

Before the Court are four *pro se* civil rights actions brought pursuant to 42 U.S.C. § 1983. Rocky Joe Houston ("Plaintiff") is the plaintiff in all four cases, and in multiple other cases which were or are pending in this Court and which will be discussed below. The Court will deal with and dismiss each pending case. Further, pursuant to Fed. Civ. P. 11 and its inherent powers, and further based on a motion filed by defendants in Case No. 3:06-CV-387, the Court also will enjoin and limit Plaintiff from future filings in the Eastern District of Tennessee, and order the Clerk to reject filings by Plaintiff without this Court's authorization.

I.      **CASE NO. 3:06-CV-318**

Defendants in this matter are the United States Postmaster General ("Postmaster General"); the U.S. Postal Service ("USPS"); David Haggard, Sheriff of Roane County, Tennessee ("Haggard"); and Fay Hall, another employee with the Sheriff's Department ("Hall"). The defendants are sued in their individual and official capacities. Plaintiff alleges the defendants conspired to deprive him of his right to judicial process, in violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution (Court File No. 1). Specifically,

Plaintiff alleges conspiracy to delay service of process of 15 federal complaints. Plaintiff demands $100 million in each of compensatory and punitive damages from the Postmaster General and the USPS, and $3 million in each of compensatory and punitive damages from Haggard and Hall.

Pending before the Court is Haggard and Hall's motion to dismiss (Court File No. 2) for (1) failure to state a claim and (2) filing outside the statute of limitations. Plaintiff did not respond to this motion. On October 16, 2006 Judge Phillips ordered Plaintiff to respond and warned, if Plaintiff did not respond, the complaint would be summarily dismissed (Court File No. 4). Plaintiff failed to respond (though he did file a motion for Judge Phillips to recuse himself and several motions for default judgment against the Postmaster General). Therefore, the motion to dismiss (Court File No. 2) is **GRANTED** pursuant to Local Rule 7.2 ("[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). Plaintiff's claims against Haggard and Hall will be **DISMISSED WITH PREJUDICE**. It should be noted, the Court would also grant the motion to dismiss on its merits, because Plaintiff's complaint is frivolous and groundless, fails to assert a § 1983 violation by failing to state a true deprivation of a protected right, is time-barred by expiration of the statute of limitations, and fails under Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957), to contain a "short and plain statement" and giving "fair notice" to the defendants as to the claims against them individually, collectively, legally, and factually. *See also Found. for Interior Design Educ. Research v. Savannah Coll. of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001) (complaint must "'allege a factual predicate concrete enough to warrant further proceedings").

Further, Plaintiff's motion for default judgment against the Postmaster General (Court File No. 12) will be **DENIED**. Fed. R. Civ. P. 55(e) prohibits the entry of a default against the United States or an officer or agent thereof, "unless the claimant establishes a claim or right to relief by

evidence satisfactory to the court." This Court ordered Plaintiff to show cause as to proper service on the Postmaster General and cited Rule 55(e) to Plaintiff. Plaintiff provided "proof" of service, but this "proof" is improper under Fed. R. Civ. P. 4(i).[1] Plaintiff failed to demonstrate the merits of his claim. Again, Plaintiff did not respond to the motion to dismiss and has not repudiated the contentions cited above ((1) the complaint failed to state a claim for which relief can be granted, (2) the complaint was filed more than a year after the complained-of conduct, exceeding the one-year statute of limitations for a § 1983 action, *Wilson v. Garcia*, 471 U.S. 261 (1985); Tenn. Code Ann. § 28-3-104(a)(3), (3) the complaint is frivolous, and (4) the complaint fails to give the defendants fair notice of the claims against them). In short, Plaintiff has not met the burden of Fed. R. Civ. P. 55(e) and demonstrated he has "a claim or right to relief by evidence satisfactory to the court." The Court will therefore not only deny his motion for default, but will **DISMISS WITH PREJUDICE** his claims against the Postmaster General and the USPS.


II.     **CASE NO. 3:06-CV-387**

Defendants in this matter are: Jeff Wicks ("Wicks") and James Buddy Scott ("Scott"), two state-court judges; J. Scott McCluen, District Attorney for the Ninth District ("D.A."); Brad Nealon ("Nealon"), a Tennessee Bureau of Investigation ("TBI") agent; Angela Randolph ("Randolph"),

---

[1] Plaintiff filed a mail receipt, but Fed. R. Civ. P. 4(i) defines the manner in which officials and agencies of the U.S. Government may be served: "(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) [serving the U.S. Attorney or a designated assistant or designated clerical employee of the U.S. Attorney in such district, as well sending a copy of the summons to the U.S. Attorney General] and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation." Here, Plaintiff has provided no evidence that he served the U.S. Attorney for the Eastern District of Tennessee.

Roane County Clerk; Charles C. Snow ("Foreman"), grand jury foreman in Roane County; Randy G. Rogers and James F. Logan, Jr. ("Attorneys"), two otherwise unidentified attorneys; the State of Tennessee; and Roane County ("County"). All defendants are sued in their official capacities (Court File No. 1). Plaintiff alleges the defendants conspired against him. They refused to protect him, obtained a murder indictment against him, unlawfully issued and executed a writ against him, and refused to hold a preliminary hearing on the murder charges. Plaintiff alleges the defendants have committed crimes such as official misconduct, obstruction of justice, public corruption, "organized crime," and treason (*id*.). The State and County are vicariously liable for the acts of their officials. Defendant Attorneys, who are (or were) representing Plaintiff and his brother on the murder charges, are accused of "breach of contract" and, apparently, of not demanding the D.A. recuse himself from prosecuting Plaintiff (*id*.).[2] Plaintiff asserts a § 1983 action for deprivation of his rights under the Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, and demands $7 million in each of compensatory and punitive damages.

Pending before the Court is a motion to dismiss filed by defendants Wicks, Randolph, the Foreman, and the County (Court File No. 2). The supporting memorandum points out "[a]lmost all of the allegations concern matters raised in previous civil rights suits filed in this court" (Court File No. 3, p. 1). The motion to dismiss raises a Fed. R. Civ. P. 12(b)(6) defense, a statute-of-limitations defense, judicial and qualified immunity defenses, and issue preclusion (*id*. at 2-3). Plaintiff did not respond to this motion. On November 9, 2006, defendants State of Tennessee, Scott, the D.A., and

---

[2] Plaintiff asserts the D.A. has various conflicts of interest, because he was allegedly attorney to Plaintiff's father, and because Plaintiff has filed numerous civil charges against him.

Nealon[3] filed a motion to dismiss, defending on Eleventh Amendment, judicial, and prosecutorial immunity, and *Younger* abstention grounds. Plaintiff did not respond to this motion either. On December 14, 2006, Judge Phillips ordered Plaintiff to respond and warned, if Plaintiff did not, the complaint would be summarily dismissed against these defendants (Court File No. 10). Judge Phillips also ordered Plaintiff to show cause why the complaint should not be dismissed against the Attorneys for Plaintiff's failure to prosecute (*id.*). In response, Plaintiff filed an irrelevant motion for Magistrate Judge Shirley's recusal and motions for default judgment against the Attorneys.

Again, Plaintiff has failed to respond to two separate motions to dismiss despite an Order to do so. The Court finds, under E.D.TN. L.R. 7.2 and on the merits, the motions to dismiss should each be **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE** against Wicks, Scott, the D.A., Nealon, Randolph, the Foreman, the State of Tennessee, and the County. Each of Plaintiff's motions for default judgment against each of the Attorneys will be **DENIED** (Court File Nos. 12 & 13). There is no evidence either Attorney was served and therefore aware of this matter. Moreover, there is no evidence either Attorney is a state actor as required by 42 U.S.C. § 1983. Finally, Plaintiff has failed to demonstrate any merit to his claims. For these reasons, the Court will **DISMISS WITH PREJUDICE** Plaintiff's claims against the Attorneys.

Finally, pending before the Court is a motion for sanctions filed by defendants the D.A., Scott, Nealon, and the State of Tennessee (Court File No. 18). The supporting memorandum recounts the seven prior lawsuits filed by Plaintiff against many of the same defendants (Court File No. 19). The motion and memo request this Court impose Fed. R. Civ. P. 11 sanctions on Plaintiff,

---

[3] Nealon also filed a motion to dismiss any claims against him in his individual capacity (Court File No. 14). Nealon states he was served personally. The complaint expressly alleges claims against all defendants in their official capacities, so the Court will not consider this motion.

for his history of filing frivolous and vexatious lawsuits. "Mr. Houston files frivolous federal law-suits against any state entity, official, or the State itself, apparently in an attempt to alter the course of his criminal trial" (*id*. at 8). The motion and memo request a sanction previously approved by the United States Court of Appeals for the Sixth Circuit: a pre-filing requirement, which would mandate Plaintiff first submit a complaint to a magistrate judge to review whether his claims were frivolous or improper before such complaint could be filed (*id*. at 6) (citing *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996)). The defendants believe this sanction is appropriate because it still permits Plaintiff to file complaints, if meritorious, and because Plaintiff has been warned repeatedly (1) he may be sanctioned and (2) his suits asserted frivolous or unjusticiable claims (*id*. at 8) (noting Plaintiff has previously been shown copies of the motion for sanctions and failed to respond to it or take action to avoid its filing).

The Court will **GRANT** this motion, and impose a pre-filing requirement on Plaintiff. This motion is well-taken, because Plaintiff is now a state prisoner, and federal law (discussed below) requires this Court screen his filings for propriety. Further, in Part V *infra*, this Court will **ENJOIN** Plaintiff from any further filings related to the broad conspiracy he has asserted in every suit to date.

III.     **CASE NO. 3:07-CV-8**

Plaintiff is currently incarcerated, accused of ambushing and murdering a Roane County deputy and his friend. *See* District Attorney General, Ninth Judicial District, *Press Release* (June 6, 2006). Pursuant to 28 U.S.C. § 1915A, the Court must screen a civil complaint filed by a prisoner[4] seeking redress from governmental entities or officials, and must dismiss such complaint

---

[4] The term "prisoner" includes pre-trial detainees. 28 U.S.C. §§ 1915A(c) & 1915(h).

if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . or seeks monetary relief from a defendant who is immune." 28 U.S.C. §§ 1915A(a)-(b). Pursuant to the Prisoner Litigation Reform Act, notwithstanding any filing fee that has been paid the Court "shall dismiss the case at any time if the court determines . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In either event, "a complaint . . . is frivolous where it lacks an arguable basis either in law or fact" or when it appears that the plaintiff has little chance of success. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or "obviously" without merit. *Brown*, 207 F.3d at 866 (citing *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) (example includes prisoner's assertion of an Eighth Amendment claim against the U.S. Attorney General stemming from the actions of a state corrections officer). When considering frivolity, "a litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). Moreover, § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The Sixth Circuit has held:

> When screening a prisoner complaint, a district court must examine both § 1915(e) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria

of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2).

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In this matter, filed January 1, 2007, Plaintiff sued President George W. Bush, Judge Phillips, the Sixth Circuit Clerk, the "federal government," and the State of Ohio (Court File No. 1). Plaintiff alleges a deprivation of his Sixth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges "a conspiracy in furtherance of a conspiracy and a direct attempt to delay, impede, and obstruct justice"; in other words, his prior lawsuits have not been dealt with in the way Plaintiff would like, and George W. Bush and the Sixth Circuit were complicit in permitting this travesty (it is unclear what Ohio has done, other than being the state where the City of Cincinnati is located). Plaintiff's complaint is full of invective against non-defendant federal and state officials, police officers, the victim in the murder of which Plaintiff has been accused, and pretty much every one else except soldiers in the armed forces. Procedurally, Plaintiff has demanded Judge Varlan's recusal and entry of default judgment against all defendants -- despite the absence of evidence any defendant has been properly served.

Here (and in all his pending cases), Plaintiff is seeking monetary damages from government

entities or officials. As stated herein, his claims are frivolous, malicious, offensive, and patently without merit. Moreover, his complaint fails to state a claim.[5] The defendants are all immune and thus this Court does not have subject matter jurisdiction, as it has pointed out to Mr. Houston on numerous occasions. Plaintiff's claims also appear to be time-barred.[6]

Considering Plaintiff's litigation history, his failure to prosecute multiple suits, his failure to state a claim for which relief may be granted, his failure to give the defendants fair notice of the individual, collective, legal, and factual claims against them, and the ridiculous and offensive factual allegations of some of these suits – including an allegation the undersigned has conspired to kill him – the Court finds § 1915A and (e)(2) require dismissal of the instant suit and Plaintiff's pending case (Case No. 3:07-CV-187). *Accord Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (affirming district court screening a complaint filed against 20 judges including the Second Circuit panel members, because facts – judge and prosecutorial conspiracy – were frivolous and patently baseless, complaint was devoid of facts to support conspiracy pleading and was malicious) ("The manifest purpose was . . . only to harass and disparage the AUSA who prosecuted him, the district judge who

---

[5] The Court recognizes Plaintiff is *pro se*. *Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *McNeil v. United States*, 508 U.S. 106, 113 (1993). At the same time, *pro se* status does not exempt a plaintiff from complying with relevant rules of procedural and substantive law. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

[6] The Court need not address this complaint on its merits, because the allegations are obviously factually frivolous. To be clear, however, in this case, as in the previously filed cases set out below, the same principles apply. Every defendant in this matter is immune (the federal government, the State of Ohio, the president, the judge, and the clerk). *See* U.S. Const. Amdt. 11; *Nevada v. Hall*, 440 U.S. 410, 414 (U.S. 1979); *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988). Claims brought outside the statute of limitations are frivolous. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

sentenced him and rendered a civil judgment against him, and the appellate panel that decided his appeals. Section 1915A not only allows, but expressly requires, district courts to dismiss such invectives.").

## IV.    CASE NO. 3:07-CV-187

Very recently, on May 11, 2007, Plaintiff filed another § 1983 claim. Judge Phillips recused himself, and the case was reassigned to the undersigned. There have been no filings or appearances as of this writing. This case will also be **DISMISSED** for the reasons set forth in this memorandum.

## V.    INJUNCTION AGAINST FUTURE FILING

The accompanying order will **ENJOIN** Plaintiff and anyone in privity with him, including his wife and brother, his assignees, designees, or attorneys-in-fact, from filing any further complaints or motions arising out of the same facts or related to same broad conspiracy alleged in every other case filed by Plaintiff in the Eastern District of Tennessee. Plaintiff risks contempt of court for such filing, as well as the forfeiture of his filing fee. If Plaintiff seeks to file a complaint and he believes its allegations are not related to the alleged conspiracy, Plaintiff must first submit his complaint to the undersigned for certification that it states a valid claim before such complaint may be filed. This is especially true if the defendants are the federal or state government, or any governmental agent or official, or any judge, judicial official, law enforcement officer, or attorney. This measure is taken as a sanction, pursuant to Fed. R. Civ. P. 11 as well as this court's inherent authority as well as the All Writs Act, because of all the frivolous lawsuits Plaintiff has filed in this Court. As set forth below, there are presently four matters outstanding filed by Plaintiff: (1) this case, (2) *Houston*

*v. Wicks*, Case No. 3:06-CV-387, (3) *Houston v. Bush*, Case No. 3:07-CV-8, and, filed very recently, (4) *Houston v. Roane County*, Case No. 3:07-CV-187. Plaintiff has filed, at the very least, ten other federal cases between 2002 and 2005. These cases all assert the same general, groundless allegations of mail fraud, conspiracy to murder Plaintiff because he is trying to expose "public corruption," "domestic terrorism," witness and jury tampering, etc. Plaintiff's complaints simply add additional alleged "conspirators" – including the President, most of the judges in the Eastern District, numerous law enforcement officers, various District Attorneys and state court judges (usually the same ones), and the Sixth Circuit Clerk. Plaintiff has abused the federal judicial system by filing groundless complaint after groundless complaint. This pattern ends today.

In *Kersh v. Borden Chemical Div. of Borden, Inc.*, 689 F. Supp. 1442 (E.D. Mich. 1988), the court exhaustively reviewed the facts and vexatious tactics of a frequent litigant. The court found the litigant, filing *pro se*, frequently failed to serve his defendants, filed multiple recusal and default motions, but failed to follow the court's orders, to appear for depositions, hearings, etc., and to respond to motions filed by the defendants. *Id*. at 1443-45. The litigant filed over twenty cases in the district and 42 in state court. *Id*. at 1447. The litigant would sue 20-50 defendants in each action including judges, clerks, law enforcement and government officials. As here, if the litigant disagreed with an order, he would file a recusal motion against the judge. *Id*. at 1448. The court found the litigant was using "the judicial system to harass adversaries and judicial officers. The end result of these activities is a massive drain on the judicial system generally. Kersh has used his numerous lawsuits to play off against each other in an effort to avoid prosecuting them. In the ten years that this Judge has been sitting on the federal bench, there has never been a litigant who has so improperly used the litigation process as has Kersh." *Id*. This Court finds that Plaintiff has

abused the federal judicial system every bit as egregiously as Mr. Kersh.

## A.    LEGAL STANDARD

The Sixth Circuit has endorsed the use of injunctions and sanctions by district courts to curb the activities of prolific litigators. *Ortman*, 99 F.3d at 811; *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).  "Pursuant to its inherent powers, a court in the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512, 516 (6th Cir. 2002).  The Court may also rely on Fed. R. Civ. P. 11.[7]  The Sixth Circuit has imposed three conditions for imposing sanctions under the Court's inherent authority: (1) the litigant's claims are meritless, (2) the litigant knew or should have known his claims were meritless, and (3) his claims were filed for an improper purpose. *Id.*; *see also In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Art. III functions.  If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Art. III courts would be endangered."); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (holding a court need not follow the traditional four-part test or wait for a defendant to file a motion to impose an injunction on a bad-

---

[7] *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510, 517 (6th Cir. 2002) (sanctions are available at the district court's discretion under Fed. R. Civ. P. 11 as long as the Court is sanctioning pleadings or motions submitted (1) for an improper purpose, (2) without a legal basis, and/or (3) without evidentiary support; differences between Rule 11 sanctions and inherent authority sanctions include finding for Rule 11 sanctions of "objectively unreasonable conduct" versus finding for inherent authority sanctions of bad faith).  Here, the Court finds Plaintiff's conduct was both objectively unreasonable and done in bad faith.  Plaintiff filed multiple baseless complaints in an attempt to affect his criminal prosecution, and insulted a great many judges, officials, and citizens.

faith filer).

In *Feathers v. Chevron*, 141 F.3d 264 (6th Cir. 1998), the Sixth Circuit upheld an injunction imposed by this Court against the future filing of claims related to the infamous "Humphries heirs." There, the plaintiff tried to assert an ownership stake in the Spindletop Oil Field in Texas, although ownership of the oil field had been conclusively decided in the late 1960s. *Id*. at 266. This Court granted the defendants' motions to dismiss and denied a motion for reconsideration. Further, this Court enjoined the Clerk from accepting any lawsuit filed by putative "Humphries heirs" or involving the disputed Spindletop oil field, without the lawsuits being first approved for filing by a district judge. *Id*. at 267. The Sixth Circuit affirmed this restriction, calling it "an effort to staunch the ongoing flow of meritless and repetitive 'Humphries heirs' cases" and stating there was "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Id*. at 269.

In *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986) (adopted in *Kersh* and cited often by sister courts in the Western District of Tennessee), the Second Circuit set out six factors for a district court to consider in deciding whether to restrict a litigant's future access to federal court: (1) whether the litigant's filing history entails vexatious, harassing, duplicative lawsuits; (2) whether the litigant's motive in such filings is malicious; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the court system; (5) whether other sanctions would protect the courts and other parties; and, ultimately, (6) whether the vexatious litigant is likely to continue to abuse the judicial process. *Id*. at 24. The Court will utilize this test and apply it to Plaintiff's litigation history (set forth below).

## B.    PLAINTIFF'S FILINGS

### 1.    CASE NO. 3:02-CV-325.

Plaintiff's prolific filings in the Eastern District of Tennessee began June 17, 2002. Plaintiff, at the time represented by an attorney, sued the cities of Harriman and Kingston, Tennessee and Harriman's Chief of Police. Plaintiff asserted under 42 U.S.C. § 1983 a Fourteenth Amendment claim for deprivation of a property interest (his security clearance) without due process. In January 2003, Plaintiff moved to terminate his attorney and represent himself *pro se*. He also filed motions against District Judge Jordan and Magistrate Judge Shirley, demanding each judge recuse himself because Plaintiff had filed a separate lawsuit against them or was seeking to call them as witnesses. As will be seen, this is a common tactic Plaintiff employs. Plaintiff demanded the defendants' attorney recuse himself, Judge Varlan to recuse himself, or the Court order the defendants to settle. The case was eventually reassigned to Judge Greer. Plaintiff also filed for entry of a default judgment, which was denied.

This matter was dismissed by Judge Greer's memorandum and order dated August 23, 2004. Judge Greer noted, first, the defendants had filed a motion for summary judgment to which Plaintiff did not respond, and pointed out to Plaintiff "pursuant to Local Rule 7.2, the plaintiff's failure to respond, in and of itself, is sufficient grounds for the dismissal of plaintiff's complaint" (Court File No. 50). So from the very beginning, Plaintiff has been informed/warned that he needed to respond to motions. On its merits, Judge Greer dismissed Plaintiff's complaint (August 23, 2004) because Plaintiff sued two municipalities and a municipal official for the alleged acts of a private individual (his employer), and there was no state action (*id*. at 6). On appeal (for the second time; Plaintiff also filed an interlocutory appeal) the Sixth Circuit affirmed (Court File No. 54). Further, after

"careful review," the Sixth Circuit [unsurprisingly] found Judge Greer was not biased against

Plaintiff, though Plaintiff contended Judge Greer acted "out of hatred and political influence" (*id.*).

### 2. CASE NO. 3:02-CV-544.

On September 23, 2002, Plaintiff filed a lawsuit against (in both their individual and official

capacities) the following individuals: the D.A.; two Assistant D.A.s; a TBI agent; a city police

officer; Judges Ebben and Simmons; Randolph (the County Clerk, a favorite target); and the City

of Harriman City Attorney. Plaintiff again sued the City of Harriman and its Chief of Police, who

were simultaneously defendants in the prior suit. Plaintiff alleged a conspiracy to maliciously

prosecute him and deny him due process and equal protection in state court proceedings, in

transactions factually, legally, and temporally related to the proceedings in Case No. 3:02-CV-235.

This matter was assigned to the undersigned and to Magistrate Judge Shirley. Plaintiff filed multiple

recusal motions, and eventually, the case was reassigned to Judge Greer. Another interesting filing

by Plaintiff sought protection from the U.S. Marshall Service, because Plaintiff intended to "expose

fraud and conspiracy to commit murder in the Governor's office, the manufacturing of drugs in a

federal courthouse, and multiple counts of fraud, treason, and terrorism"(Court File No. 38).

Plaintiff alleged District Judges Jordan, Hull, Phillips, and Jarvis, and Magistrate Judge Shirley,

"would like to have the Plaintiff . . . and his brother dead" (*id.*). This motion was denied.

Judge Greer dismissed this case on August 24, 2004, the day after he dismissed Case Nos.

3:02-CV-325 & 3:03-CV-126. Judge Greer cited multiple grounds for dismissal: Plaintiff failed to

respond to the defendants' motions to dismiss; the defendants were immune and the court lacked

subject matter jurisdiction; the statute of limitations had run; conspiracy was alleged much too

conclusively to support a claim; Plaintiff failed to properly assert a claim against Harriman; and

Plaintiff filed a premature lawsuit over a pending criminal matter/abstention (Court File No. 52). Though he appealed, the Sixth Circuit dismissed because Plaintiff failed to brief any legal issues.

### 3.    CASE NO. 3:03-CV-30

In this case, filed January 10, 2003 – while the other matters were pending – Plaintiff sued a justice of the Tennessee State Supreme Court and a judge on the Criminal Court. Judge Jarvis denied Plaintiff's motion demanding Judge Jarvis' recusal, and granted the defendants' motion to dismiss due to their absolute judicial immunity (Court File No. 8, dated Apr. 2, 2003).

### 4.    CASE NO. 3:03-CV-126

Here, Plaintiff alleged a conspiracy of non-neutral state judges violated his entitlement to a fair and impartial trial (Court File No. 1). He also alleged mail fraud and conspiracy to commit mail fraud. Plaintiff filed for entry of a default judgment, which was denied. Judge Greer granted the defendant's motion to dismiss because (1) Plaintiff failed to respond to it, and (2) all defendants (the State, a State Supreme Court justice, and a Circuit Court judge) were immune from suit (Court File No. 35, dated Aug. 23, 2004). Again, Plaintiff filed recusal motions against the first assigned judges until finally Judge Greer denied a recusal motion and dismissed the case. As per his usual practice, Plaintiff moved for entry of a default judgment but the motion was denied.

### 5.    CASE NO. 3:03-CV-263

On May 13, 2003 (while Case Nos. 3:02-CV-325 & 544 were pending), Plaintiff again sued the D.A. and the same two Assistant D.A.s; Randolph; another state attorney; and a favorite target, Tennessee Circuit Judge D. Kelly Thomas ("Judge Thomas," who was simultaneously a defendant in Case No. 3:03-CV-30). Plaintiff did not respond to the defendants' motions to dismiss, which Judge Varlan granted on the merits (Court File No. 13, dated Apr. 14, 2004).

### 6. CASE NO. 3:03-CV-356

On July 9, 2003, Plaintiff sued Haggard; County law enforcement officers; Randolph; Judge Thomas; two private attorneys; and the County. Plaintiff filed for entry of multiple default judgments, all of which were denied. Judge Varlan recused himself, and Judge Greer denied a similar motion and dismissed the complaint (Court File No. 14, dated Aug. 23, 2004).

### 7. CASE NO. 3:03-CV-424

On August 18, 2003, while he had five other cases pending, Plaintiff again sued the County; Randolph; Judge Thomas; the D.A.; Haggard; a County investigator and an Assistant D.A. who were both simultaneously defendants in other cases Plaintiff had filed; the City of Maryville, Tennessee; the State of Tennessee; and Tennessee Governor Phil Bredesen. Plaintiff again filed multiple motions for entry of default judgment, which were all denied. Plaintiff appealed these decisions to the Sixth Circuit. The appeal was dismissed. Plaintiff again failed to respond to several motions to dismiss, and the Court granted the motions on their merits (Court File No. 20, dated Jan. 21, 2004). The Sixth Circuit affirmed (Court File No. 29). Judge Varlan also granted defendant Randolph's motion to enjoin Plaintiff from filing additional complaints against her without the court's consent.

### 8. CASE NO. 3:03-CV-555

Plaintiff again sued Judge Thomas and the State of Tennessee. He also sued a Knox County Public Defender. The defendants filed an unanswered motion to dismiss (Court File No. 2). Judge Varlan recused and Judge Greer granted the defendants' motion, again both procedurally (because Plaintiff failed to respond) and on the merits (judicial immunity, sovereign immunity, and failure to state a claim under 42 U.S.C. § 1983) (Court File No. 10 (amended), dated Aug. 24, 2004).

### 9.    CASE NO. 3:04-CV-368

Here, for a change, Plaintiff sued a private actor and not a state agency or official.  Plaintiff

finally decided to go after his former employer, Wackenhut Services, Inc., and the director of the

company's Protective Services division, in which Plaintiff had previous been employed (Court File

No. 1).  Plaintiff alleged employment discrimination and/or retaliatory discharge and/or intentional

infliction of emotional distress, and violations of § 1983.

Judge Jordan recused, and Plaintiff moved (twice) for Judge Greer to recuse as well.  Judge

Greer denied these motions and granted the defendants' motion to dismiss, because Plaintiff failed

to respond to it despite repeated warnings (Court File No. 12).[8]  Plaintiff appealed and Judge Greer's

order was affirmed by the Sixth Circuit (Court File No. 17).

### 10.    CASE NO. 3:05-CV-345

Finally, in this matter, Plaintiff consolidated his claims.  He sued 65 defendants, including

the State; state judges; most of the Eastern District federal judges; several counties; D.A.s and

Assistants D.A.s; TBI agents and police officers; state and federal clerks; a law firm and several

private attorneys; two insurance companies; a mayor; Haggard, Hall, and other officers of the

County Sheriff's Department; the Cities of Harriman and Kingston and the Kingston PD; the

Highway Patrol; the Foreman; the Governor and Deputy Governor; and the U.S. Attorney General.

Against all these defendants, Plaintiff alleged a conspiracy to violate his First and Fourteenth

---

[8] Without saying so explicitly, it is clear Judge Greer's opinion meant to sanction Plaintiff
for failing to respond to the motions to dismiss defendants filed.  *See* Court File No. 12 ("Pursuant
to Local Rule 7.2, the plaintiff's failure to respond, in and of itself, is sufficient grounds for the
dismissal of plaintiff's complaint against the aforementioned defendants.  While the plaintiff appears
*pro se*, he has been advised in at least five prior opinions of this Court that failure to respond to a
dispositive motion is sufficient grounds for dismissal of the plaintiff's complaint.").

Amendment rights in violation of 42 U.S.C. § 1983.

Factually, Plaintiff alleged multiple transactions and occurrences ranging from 2001 through 2004. He complains of multiple "illegal" and "unconstitutional" federal and state court proceedings and multiple "unlawful" and "excessive" arrests (Court File No. 1). Plaintiff's accusations are baseless, and without merit; his language is highly offensive. For instance, Plaintiff labels Judge Greer's dismissal of four of Plaintiff's federal complaints, "a direct and intentional act of domestic terrorism" (*id.*). Plaintiff alleges the following invective against all defendants:

> [D]efendants confederated, consolidated, and came into an agreement to violate and did violate the Plaintiff's 1st, 4th, 5th, 6th, 7th, 8th, and 14th amendment civil rights by means of felony fraud, felony mail fraud, felony wire fraud, felony insurance fraud, threat and intimidation of state witnesses, excessive force, obstruction of justice, official oppression, felony conspiracy to extort money, felony document fraud, felony jury tampering, felony grand jury tampering, felony forgery of a Tennessee State Supreme Court Justice's signature . . . felony witness tampering, felony to tamper with evidence, felony to violate civil rights . . . felony conspiracy to commit murder, false imprisonment, excessive bail, cruel and unusual punishment, felony malicious prosecution, malpractice, felony conspiracy to violate civil rights, domestic terrorism against the U.S. Constitution that our brave men and women are dying for in Iraq today, God Bless America.

(Court File No. 1, ¶ 86). As compensation for these acts, Plaintiff demanded $10 million in damages for pain-and-suffering and $10 million in punitive damages.

Many of the defendants filed motions to dismiss to which Plaintiff did not respond. On August 8, 2005, Judge Jarvis issued an order *sua sponte* dismissing the complaint:

> A review of the complaint reflects that this is the seventh lawsuit filed in this court against many of these same defendants. In this lawsuit, Rocky Joe Houston has sued 64 [*sic*] defendants, including the Attorney General of the United States, six federal judges, an FBI agent, the governor, the deputy governor, the Highway Patrol, the director and an agent of the TBI, three state court judges, a district attorney general and nearly his entire office, and an associate deputy of the Attorney General's Office for the State of Tennessee. Plaintiff alleges everything from a felony conspiracy to violate his constitutional rights, to mail fraud, to attempted murder. In short, this plaintiff is once again engaging in an abuse of process. It will not be tolerated by

> this court. Moreover, the court has already expended tremendous resources addressing all previous and similar litigation. There is no need to duplicate this process. Accordingly, this matter is hereby **DISMISSED WITH PREJUDICE** because: (1) It is frivolous and malicious; (2) It fails to state a claim upon which relief can be granted; and (3) It seeks monetary relief against many defendants who are immune from any such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

(Court File No. 9, dated Aug. 8, 2005). Despite this order, Plaintiff filed a motion for Judge Jarvis' recusal and for entry of default. Judge Jarvis denied both as moot. Plaintiff appealed, but the appeal was dismissed for want of prosecution (Court File No. 22).

*     *     *     *     *

These cases demonstrate a pattern. As Judge Jarvis astutely noted, Plaintiff has filed multiple cases alleging the same acts and facts, often against the same defendants. Plaintiff asserts malicious and frivolous claims against reputable attorneys, officials, judges, police officers, etc. Plaintiff is trying to hold up the judicial process by filing multiple complaints but without prosecuting any claim legally. This Court, like Judge Jarvis, will no longer permit such actions.

### C.     APPLICATION

District courts are obligated to protect themselves and the judicial system from vexatious litigants. *See In re McDonald*, 489 U.S. 180, 184 n.8 (1989) (citing *In re Martin-Trigona*, 737 F.2d at 1261). An injunction limiting Plaintiff's ability to file future lawsuits is absolutely necessary to protect this Court and the right of other litigants to this Court's attention.

The Court finds, first, the lawsuits filed by Plaintiff in federal courts in the Eastern District of Tennessee are vexatious, harassing, offensive, and duplicative. Plaintiff has sued many of the same defendants multiple times and included them in back-to-back complaints. Randolph, for example, is a defendant in Case Nos. 02-CV-544 (filed 09/23/02), 03-CV-263 (filed 05/13/03), 03-CV-356 (filed 07/09/03), 03-CV-424 (filed 08/18/03), and 06-CV-387 (filed 10/05/06). Case No.

21

3:06-CV-387 was filed in direct violation of the Order requiring Plaintiff obtain the court's consent before suing Randolph.

Second, Plaintiff's motive in filing these lawsuits is clearly malicious  Plaintiff's allegations are vituperative, such as the example of Judge Greer committing "acts of domestic terrorism" or the apparent insult lodged against the President of the United States in Plaintiff's most recent complaint: "President George W. Bush says cowards cut and run, Rocky and Leon Houston says cowards cover up public corruption, organized crime and domestic terrorism" (Case No. 3:07-CV-187, Court File No. 1, p. 3).  Further, Plaintiff has been informed again and again that his chosen targets are immune from suit, and yet he continues to summon and serve them.  Plaintiff "borrows" his form complaint from his brother Leon,[9] suggesting he has no real attachment to the allegations.  His clear intent is to harass.

Third, Plaintiff files these complaints *pro se*, though he does pay filing fees, and in fact sues the attorneys which attempt to represent him, *see*, *e.g.*, Case No. 3:03-CV-555.  Fourth, the Court must consider whether Plaintiff has caused needless expense to other parties or has posed an unnecessary burden on the court system.  The answer is a resounding "yes," as made clear by the fact several defendants filed a motion for sanctions against Plaintiff.[10]  Further, the Court takes

---

[9] *See* Case No. 3:05-CV-345, Court File No. 9, p. 1 n.2 ("It also appears that plaintiff must have used his brother's former complaint as a template because plaintiff in this lawsuit is initially identified as 'Clifford Leon Houston.'  The court takes judicial notice of the fact that plaintiff's brother is also a frequent litigator."

[10] As the motion states:

Mr. Houston files federal lawsuits with no supporting bases against any Judge, District Attorney, Public Defender, lawyer or TBI Agent that is or was involved in his criminal matters, apparently in the hopes of forcing them to recuse themselves from his criminal trial. . . . Mr. Houston files frivolous federal lawsuits against any state entity, official, or the State itself, apparently in an attempt to alter the course of

judicial notice of the time and number of pages it took to prepare this dismissal and injunction, on what are absolutely baseless allegations. Finally, the Court must consider if other sanctions would protect the judicial system and other parties and if Plaintiff is likely to continue to abuse the judicial process. The Court finds Plaintiff is surely going to continue to file complaints in the absence of drastic measures – he has known of the possibility of sanctions (*see* Case No. 3:06-CV-387), and, in fact, he was ordered not to sue defendant Randolph without court permission, and yet he did. At the same time, Plaintiff is incarcerated, and the Court is loathe to impose monetary sanctions on his family. The Court finds, accordingly, the interests of justice require the sanction of prohibiting Plaintiff from filing additional groundless complaints in this Court. Plaintiff has demonstrated he will not stop abusing the system. As much as it appreciates his filing fees, the Court does not appreciate wasting its time on Plaintiff's groundless, conclusive complaints, robbing other, more deserving plaintiffs, who have not yet had their day (or ten or fourteen) in federal court, from receiving this Court's attention. Therefore, the Court will impose narrowly tailored and carefully considered injunctive relief. *Accord Kersh*, 689 F. Supp. at 1450 (citing *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)).

---

> his criminal trial. Nearly every lawsuit he has filed against the State and its officials has been dismissed for lack of subject matter jurisdiction and failure to state a claim. . . .
>
> In this case, plaintiff's complaint demonstrates that regardless of the repeated successful defenses – 11th Amendment, sovereign immunity, abstention, absolute and qualified immunity, and failure to state a claim – he intends to continue to file frivolous claims against these defendants or the officers charged with the same duties. Ultimately, plaintiff's complaints are nothing more than a vexatious and meritless attempt to force these state officials to either recuse themselves from his criminal trials or from further interaction with him. Each lawsuit causes these state officials time and energy to defend.

(Case No. 3:06-CV-387, Court File No. 19, p. 7-8.)

The accompanying order will **PRECLUDE, RESTRAIN,** and **ENJOIN** the plaintiff Rocky Joe Houston and anyone in privity with him, including his wife and brother, his assignees, designees, or attorneys-in-fact, from filing any new civil actions or motions in the Eastern District of Tennessee alleging or asserting claims arising out of the same facts, transactions, occurrences, crimes or related to same broad conspiracy alleged in every other case filed by Plaintiff in the Eastern District of Tennessee and cited in this memorandum. Plaintiff risks contempt of court for such filing, as well as the forfeiture of his filing fee. If Plaintiff seeks to file a complaint and he believes its allegations are not related to the alleged conspiracy, Plaintiff must first submit his complaint to the undersigned or, if the undersigned is unavailable, to another United States District Judge in the Eastern District of Tennessee, for certification the complaint states a valid claim for which relief may be granted. The order will **PRECLUDE, RESTRAIN,** and **ENJOIN** the Clerk of Court from accepting any complaint filed by Plaintiff unless the complaint includes the above certification. This is especially true if the defendants are the federal or state government, or any governmental agent or official, or any judge, judicial official, law enforcement officer, or attorney. This measure is taken as a sanction, pursuant to Fed. R. Civ. P. 11, this court's inherent authority, as well as the All Writs Act, because of the frivolous lawsuits Plaintiff has filed in this Court.

Further, the accompanying order will **PRECLUDE, RESTRAIN,** and **ENJOIN** Plaintiff from filing any civil action referencing unrelated facts but filed against (1) the State of Tennessee or any of its agencies or officials; (2) the State of Ohio; (3) any municipality or any municipal official or law enforcement agent located within the Eastern District of Tennessee; and (4) any State judge or any State judicial official, such as a Clerk, or any judge or Judicial official in a Federal Court within the jurisdiction of the Sixth Circuit, without first presenting the complaint to the

undersigned or, if the undersigned is unavailable, to another United States District Judge in the Eastern District of Tennessee. The undersigned will certify in writing if the complaint has some arguable basis in law and in fact, and such certification must be filed with the complaint for the Clerk of Court to accept the complaint. Any complaint filed with this Court without the undersigned's certification will be stricken from the docket, and any filing fee will be forfeit.

## VI.    CONCLUSION

For the foregoing reasons, Case Nos. 3:06-CV-318, 3:06-CV-387, 3:07-CV-008, and 3:07-CV-187 will be **DISMISSED WITH PREJUDICE**. Further, pursuant to Fed. Civ. P. 11 and its inherent powers and further based on a motion filed by defendants in Case No. 3:06-CV-387, the Court also will **PRECLUDE, RESTRAIN,** and **ENJOIN** Plaintiff from future filings in the Eastern District of Tennessee and against government officials without approval of the undersigned.

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**